# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

Nos. 98-1438EA, 98-1886EA

—————

| | |
|---|---|
| Todd E. Rooney, | * |
| | * |
| Plaintiff-Appellee, | * |
| | * On Appeal from the |
| v. | * United States District Court |
| | * for the Eastern District of |
| | * Arkansas. |
| George Williamson, | * |
| | * |
| Defendant-Appellant. | * |

—————

Submitted:  November 18, 1998

Filed:  February 10, 1999

—————

Before RICHARD S. ARNOLD, FAGG, and HALL,[*] Circuit Judges.

—————

RICHARD S. ARNOLD, Circuit Judge.

This case arises under the Arkansas Securities Act, Ark. Code Ann. §23-42-501(1) (1994), which requires that securities sold in Arkansas be registered.  Todd Rooney bought all the stock in an automobile dealership in Blytheville, Arkansas, from George Williamson.  The stock was not registered.  After a bench trial, the

———————————

[*]The Hon. Cynthia Holcomb Hall, United States Circuit Judge for the Ninth Circuit, sitting by designation.

District Court,[1] ordered that the sale be rescinded. Under the court's decree, Rooney is to return the stock to Williamson, and Williamson is to pay Rooney a total of $232,150.

We find no error of law in the District Court's reasoning in this state-law case, and believe no sufficient purpose would be served by an extended opinion. In particular, we believe that the District Court has appropriately exercised its discretion in adjusting the equities between the parties, and in offsetting against plaintiff's recovery the sum of $86,000 which plaintiff received, during his ownership of the stock, as a credit against a loan he took out to buy the stock. See Todd E. Rooney v. George Williamson, No. J-C-95-323, slip op. 6 n.2 (E.D. Ark. January 27, 1998).

We also see nothing unreasonable in the District Court's award of attorneys' fees and expenses, which is the subject of the appeal in No. 98-1886.

There is one respect, however, in which we believe the judgment should be modified. As we have noted above, the District Court offset plaintiff's recovery by the amount of $86,000. We think this offset should have been taken into account in calculating the amount of prejudgment interest. According to the defendant's reply brief, page 10, the interest reduction, through January 29, 1998, should be $11,154.08. We have no reason to doubt this calculation, but believe the better course is to remand this matter to the District Court for re-computation of the amount of interest owed, taking into account the fact that no interest should be charged on the $86,000 from and after the date on which the plaintiff received a credit on his loan for this amount.

Accordingly, the judgment is, in the main, affirmed, and the cause is remanded to the District Court for a further calculation in accordance with this opinion.

---

[1]The Hon. Stephen Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

It is so ordered.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.